Prob 12C
TNMP (11/2018)

# UNITED STATES DISTRICT COURT
## for
## Middle District of Tennessee

## Superseding Petition for Summons/Warrant for Offender on Supervision
### [Supersedes Petition Filed as Docket Entry No. 114]

Name: Byron Wafrock                                   Docket Number: 3:16CR00203-002

Name of Current Judicial Officer: Honorable Waverly D. Crenshaw, Jr., Chief U.S. District Judge

Date of Original Sentence: April 3, 2018

Original Offense: 18 U.S.C. § 1349 Conspiracy to Commit Mail and Wire Fraud Affecting a Financial Institution

Original Sentence: 46 months' custody and three years' supervised release

Type of Supervision: Supervised release           Date Supervision Commenced: April 29, 2020

Assistant U.S. Attorney: Stephanie Toussaint        Defense Attorney: Eileen Parrish

---

### PETITIONING THE COURT

☐ To Issue a Summons
☐ To Issue a Warrant
☒ To Consider Additional Violations\Information

---

The Court Orders:
☐ No Further Action at this Time
☐ The Issuance of a Summons
☐ The Issuance of a Warrant
　　☐ Sealed Pending Warrant Execution (cc: U.S. Probation and U.S. Marshal only)
☒ The Consideration of Additional Violations and/or Information
☐ Other

Considered, this 10th day of August, 2021, and made part of the record in the above case.

_[signature]_
Honorable Waverly D. Crenshaw, Jr.
Chief U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted this 10th day of August, 2021.

_[signature]_
Amanda Michele
Senior U.S. Probation Officer

Place: Nashville, TN

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. **114**, has been amended as follows:

**Compliance with Supervision Conditions** - amended to provide updated information following the revocation hearing on July 12, 2021

**Update on Offender Characteristics** - information added to reflect employment status

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|
| 1. | **The defendant shall pay restitution, joint and several with codefendant Chase Campbell, in an amount totaling $47,484.53, at a rate of 10% of his gross monthly income. The defendant shall pay a $100.00 special assessment.** |

Since Mr. Wafrock's release from custody in April 2020, he has not made a payment toward his restitution. The current balance owed is $47,194.83. Of note, the payments made, thus far, have been by his codefendant, Chase Campbell.

Mr. Wafrock has made two payments toward his special assessment, but those were made while he was in the Bureau of Prison' custody. The current balance owed is $50.00

| | |
|---|---|
| 2. | **You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or you job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.** |

Mr. Wafrock has failed to work toward or obtain gainful employment since April 2020.

During Mr. Wafrock's transitionary period at the Residential Reentry Center (RRC), he obtained employment with the J.W. Marriott Hotel, located in downtown Nashville, in December 2019. At the start of supervision in April 2020, Mr. Wafrock reported that he was currently laid off from the hotel, due to the coronavirus. Since that time, the probation officer has repeatedly encouraged Mr. Wafrock to seek alternate employment, so he could support himself and make payments toward his restitution, but he has failed to do so.

**Compliance with Supervision Conditions and Prior Interventions:**
Byron Wafrock began his term of supervised release on April 29, 2020, and his supervision is due to terminate on April 28, 2023. Between April 2020 and January 2021, Mr. Wafrock was unemployed and

living in Nashville, Tennessee. According to Mr. Wafrock, he was receiving financial assistance from his father and through unemployment benefits.

While in the Bureau of Prisons' custody, Mr. Wafrock participated in the 500-hour Residential Substance Abuse and Treatment Program (RDAP). In February 2020, he completed the transitionary portion of the program while in residency at the Residential Reentry Center (RRC). Following his release to supervision in April 2020, Mr. Wafrock stated that he was in a "good place" in his life and did not need additional therapy. He did obtain a valid prescription for Suboxone through Applegate Recovery in Nashville. According to Mr. Wafrock, he decided to stop taking Suboxone in October 2020, noting that he simply did not "need" the medication further. Mr. Wafrock has been randomly drug tested since beginning supervision and all drug tests have yielded negative results.

**A petition for summons was submitted to the Court on November 19, 2020, regarding Mr. Wafrock's failure to make payments toward his restitution and his failure to obtain full-time employment since April 2020. His revocation hearing was continued numerous times to give him time to obtain and maintain employment and begin making timely restitution payments. Mr. Wafrock obtained employment with Pella Windows and Doors, through a temporary agency, in January 2021. He began making restitution payments and his balance is currently $45,935.91.**

**A revocation hearing was held on July 12, 2021. On that date, Mr. Wafrock pleaded guilty to both reported violations. His sentence was held in abeyance, pending the probation officer's superseding petition to address his positive drug test on July 12, 2021, for a medication without a valid prescription (Buprenorphine). According to Mr. Wafrock, his doctor gave him permission to "space" out his dosage due to financial reasons. The probation officer directed Mr. Wafrock to provide documentation from his doctor to verify his statement. A letter was provided, by Mr. Wafrock, on July 20, 2021, which was prepared by his treating Suboxone physician, Dr. William Conway, of the Conway Clinic. The probation officer reviewed the letter and statements made by Dr. Conway were not clear as it relates to approving his patient to "space" out his medications. The probation officer informed Mr. Wafrock that the letter did not justify his positive drug test on July 12, 2021. Mr. Wafrock informed the probation officer that he would provide another letter from his doctor that was "more clear." This letter was provided by Mr. Wafrock on August 3, 2021. On August 10, 2021, the probation officer was able to verify this information with Dr. Conway.**

### Update of Offender Characteristics:
**Mr. Wafrock changed jobs on July 19, 2021. He is still employed through the same temporary service but is his new job is with Conklin Metal Industries.**

### U.S. Probation Officer Recommendation:
**It is respectfully recommended that this additional information be considered at Mr. Wafrock's next revocation hearing, which has not yet been scheduled by the Court.**

## SENTENCING RECOMMENDATION
### UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. BYRON WAFROCK  CASE NO. 3:16CR00203-002

**GRADE OF VIOLATION:**     C
**CRIMINAL HISTORY:**       IV

**ORIGINAL OFFENSE DATE:**     POST APRIL 30, 2003     PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| **Custody:** | 3 years (Class B felony) *18 U.S.C. § 3583(e)(3)* | 6-12 months *U.S.S.G. § 7B1.4(a)* | No Recommendation |
| **Supervised Release:** | 5 years less any term of imprisonment *18 U.S.C. § 3583(h)* | 2-5 years *U.S.S.G § 5D1.2(a)(1)* | No Recommendation |

**Statutory Provisions:**
Under 18 U.S.C. § 3583(e)(3) the Court may revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of the evidence that the defendant violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:**
U.S.S.G. § 7B1.1(a)(3) Grade C Violations - conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision.

U.S.S.G. § 7B1.3(a)(2) Upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

Approved:

*/s/ Britton Shelton*
Britton Shelton
Supervisory U.S. Probation Officer

# VIOLATION WORKSHEET

1. **Defendant** Byron Wafrock

2. **Docket Number** *(Year-Sequence-Defendant No.)* 0650 3:16CR00203 - 2

3. **District/Office** Middle District of Tennessee - Nashville

4. **Original Sentence Date** 4 / 3 / 2018
                            month  day  year

5. **Original District/Office** *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)*

7. List each violation and determine the applicable grade (see §7B1.1):

   | Violation(s) | Grade |
   |---|---|
   | Shall pay restitution and a special assessment. | C |
   | Must work full time. | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*    C

9. **Criminal History Category** *(see §7B1.4(a))*    IV

10. **Range of Imprisonment** *(see §7B1.4(a))*    6 - 12 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

    [X] (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    [ ] (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    [ ] (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

Case 3:16-cr-00203 Document 138 Filed 08/10/21 Page 5 of 6 PageID #: 518

Defendant  Byron Wafrock

12. **Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

Restitution($) $45,935.91     Community Confinement _____

Fine($) _____               Home Detention _____

Other _____                 Intermittent Confinement _____

13. **Supervised Release**

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

Term: _____ to _____ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

Period of supervised release to be served following release from _____
imprisonment:

14. **Departure**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002